**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEAN DENNIS, et. al.,<br>*Plaintiffs*,<br>v.<br>WALLINGFORD SWARTHMORE SCHOOL DISTRICT,<br>*Defendant*. | CIVIL ACTION<br>NO. 26-1834 |

**Pappert, J.** **October 13, 2026**

**MEMORANDUM**

Dean Dennis and Suijuan Zheng, proceeding *pro se*, sued Wallingford Swarthmore School District under the Individuals with Disabilities Education Act seeking review of a special education due process hearing (Count I). Plaintiffs also allege in Count II national origin discrimination under Title VI and seek in Count III to "reserve the right" to assert a due process claim under 42 U.S.C. § 1983. The District moved to dismiss Counts II and III and the Court grants the motion with respect to Count II and denies it as moot with respect to Count III.

I

Z.Z. is a minor student at Wallingford Swarthmore School District. (Am. Compl. ¶ 6–8, Dkt. No. 12.) Z.Z. lives with his biological mother, Zheng, and Dennis. (*Id.*) In 2025, the District proposed Z.Z. undergo a "multidisciplinary evaluation," which Zheng opposed and requested a due process hearing to challenge the proposed evaluation. (*Id.* ¶ 13.) The Office for Dispute Resolution scheduled the due process hearing before Hearing Officer James Gerl. (*Id.* ¶ 14.) Prior to the hearing, Zheng requested a

Mandarin-English interpreter, which ODR denied. (*Id.* ¶¶ 14, 15.) In December 2025, the Hearing Officer issued a final decision that authorized the proposed multidisciplinary evaluation. (*Id.* ¶ 24.) Plaintiffs then filed suit.

II

To avoid dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads facts from which the Court can infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Assessing plausibility under *Twombly* and *Iqbal* is a three-step process. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Step one is to "take note of the elements the plaintiff must plead to state a claim." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675). Next, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, for all "well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). If the well-pleaded facts do not nudge the "claims across the line from conceivable to plausible," the Court must dismiss the complaint. *Twombly*, 550 U.S. at 570.

III

A

Title VI prohibits federally funded programs, including schools, from discriminating on the basis of national origin or other characteristics. 42 U.S.C. § 2000d. To establish a cause of action under Title VI, a plaintiff must show "(1) that there is racial or national origin discrimination and (2) the entity engaging in discrimination is receiving federal financial assistance." *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 908 F. Supp. 2d 597, 615 (M.D. Pa. 2012). In Count II, Plaintiffs contend the denial of a Mandarin-English interpreter for the ODR due process hearing violated Title VI. (Am. Compl. ¶ 37, Dkt. No. 12.) Plaintiffs allege that the District receives "substantial federal funding" and "is therefore subject to Title VI's non-discrimination mandate." (*Id.* ¶ 36.) But the due process hearing was conducted by ODR, not the District. (*Id.* ¶ 40.)

Plaintiffs' allege that the District "through the Office for Dispute Resolution" denied Zheng access to an interpreter. (Am. Compl. ¶ 40.) When there is a dispute regarding a child and their education, the IDEA provides for "an impartial due process hearing" conducted by a state agency, which in Pennsylvania is the ODR. 34 C.F.R. § 300.511; *A.P. by E.F.v. Lower Merion Sch. Dist.*, 294 F. Supp. 3d 406, 411 (E.D. Pa. 2018). Hearing officers, who function as judges during the hearings, are absolutely immune from liability with respect to any act performed within their capacity as hearing officer. *Luo v. Owen J. Roberts Sch. Dist.*, No. 22-1632, 2023 WL 5600965, at *6 (3d Cir. Aug. 30, 2023) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). Plaintiffs have not alleged that the District deprived them of an interpreter, but rather

that "ODR staff" denied use of an interpreter during the due process hearing. (Am. Compl. ¶¶ 15, 16, 40.) While a "school district's failure to provide adequate language services" can violate "Title VI's prohibition against discrimination based on national origin," *T.R. v. Sch. Dist. of Philadelphia*, 223 F. Supp. 3d 321, 335 (E.D. Pa. 2016) (citing *Lau v. Nichols*, 414 U.S. 563 (1974)), "ODR's denial," alleged by Plaintiffs, does not state a Title VI claim against the District. (Am. Compl. ¶ 16.)

B

In Count III, Plaintiffs do not attempt to state a claim but merely "reserve the right" to bring one, (Am. Compl. ¶45), and in their response to the motion to dismiss state that the facts on which the claim depends are "still developing." (Pls.' Resp. in Opp. at 3, Dkt. No. 15.) There is thus no claim for the Court to assess or adjudicate and the motion is denied as moot with respect to "Count III."

IV

A court should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). If a "civil-rights complaint fails to state a claim," a court "must grant leave to amend the complaint unless amendment would be futile or inequitable." *Vorchheimer v. Phila. Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018). Amendment is futile if no new facts could fix the original complaint's problems. *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). Plaintiffs will be allowed a final opportunity to allege facts which could do so.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

Gerald J. Pappert, J.